UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KTJ DENTAL LAB COMPANY LIMITED,**

**Plaintiff,**

**v.** **Case No.: 8:26-cv-1864-WFJ-AAS**

**CADMUS DENTAL LAB, INC.,**

**Defendant.**

**______________________________________/**

## REPORT AND RECOMMENDATION

Plaintiff, KTJ Dental Lab Company Limited ("KTJ"), moves for entry of default judgment against defendant Cadmus Dental Lab, Inc. ("Cadmus"). (Doc. 15). For the reasons below the undersigned **RECOMMENDS** that KTJ's motion be **GRANTED**.

## I. PROCEDURAL HISTORY AND BACKGROUND

On June 26, 2026, KTJ filed an eight-count complaint against Cadmus. (Doc. 2). The complaint arises from a breach of contract action relating to the sale and delivery of manufactured dental products from KTJ to Cadmus (*Id.* at ¶ 1). The complaint alleges KTJ and Cadmus entered into a business relationship by which KTJ designed, manufactured, and shipped dental products to Cadmus. (*Id.* at ¶ 8–11). After Cadmus accepted the products, KTJ issued invoices to Cadmus for the products. (*Id.* at ¶ 13–15). KTJ alleges

Cadmus has not paid the balance of several outstanding invoices, totaling to $5,403,948.45. (*Id.* at ¶ 19–20). KTJ chronicled the timeline of Cadmus's payment delays. KTJ alleges after multiple payment delays, the two parties came to an agreement named the "May 8 AR Plan." (*Id.* at ¶ 27–34). This plan required Cadmus to make specified payments in May, June, and July 2025. (*Id.* at ¶ 29). Further, this plan set forth KTJ's role as a financial supervisor in its capacity to supervise Cadmus to reduce Cadmus's balance and improve reporting transparency. (*Id.* at ¶ 31). The relationship continued, with KTJ supplying products to Cadmus and extending commercial accommodations according to the May 8 AR plan. (*Id.* at ¶ 35). KTJ alleges Cadmus subsequently breached the May 8 AR Plan. (*Id.* at ¶ 36).

Cadmus was properly served and failed to respond to the complaint. A July 30, 2026 order directed the Clerk's Entry of Default. (Doc. 13). KTJ now moves for an entry of default judgment against Cadmus and for the following relief: damages in the amount of $6,305,360.47, reflecting an award of $5,403,948.45 in unpaid principal under Counts I through VII and $901,412.02 in damages under Count VIII; prejudgment interest on Counts I through VII calculated from the applicable commencement dates identified in Declaration Exhibit 5.a; prejudgment interest on Count VIII calculated from the applicable commencement dates identified in Declaration Exhibit 5.b; post-judgment

interest pursuant to 28 U.S.C. § 1961; and such other relief as is appropriate (Doc. 15, p. 9).

## II. JURISDICTION

Jurisdiction over this action is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court may enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment under Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.

1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the court must then determine the appropriate damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

## IV. ANALYSIS

The complaint alleges eight counts: Breach of Contract – Sales Agreement (Count I); Breach of Contract – Invoices (Count II); Account Stated (Count III); Open Account (Count IV); Products Sold and Delivered Under Section 672.709 (Count V); Section 672.207 (Count VI); Breach of Contract – CISG (Count VII); and Breach of Contract – May 8 AR Plan (Count VIII). Default judgment is appropriate because Cadmus has failed to plead or otherwise defend against these eight counts.

### A. COUNTS I–VII – BREACH OF CONTRACT

KTJ first requests $5,403,948.45 in unpaid principal under Counts I through VII. Counts I through VII involve the same operative claim — breach of contract due to Cadmus's failure to pay invoices for products KTJ properly

delivered. (*See* Doc. 2). Under Florida law, the elements of a breach of contract claim are (1) a valid contract, (2) a material breach, and (3) damages. *Ferguson Enters., Inc. v. Astro Air Conditioning & Heating, Inc.*, 137 So. 3d 613, 615 (Fla. 2d DCA 2014); *Auctus Grp., LLC v. 216 Constellation LLC*, 8:22-cv-1689-KKM-AAS, 2022 WL 16951917, at * 2 (M.D. Fla. Oct. 21, 2022), *report and recommendation adopted*, 2022 WL 16950438 (M.D. Fla. Nov. 15, 2022). A material breach occurs "when an injured party has sustained a substantial injury due to the breach." *Bland v. Freightliner LLC*, 206 F.Supp.2d 1202, 1210 (M.D. Fla. 2002).

KTJ satisfies each element. First, KTJ proves the existence of a valid contract between the parties by providing a copy of the Sales Agreement. (Doc. 2-1). To establish the presence of a valid contract, a plaintiff must allege the existence of: (1) an offer; (2) acceptance of the offer; (3) consideration; and (4) sufficient specification of the essential terms of the agreement. *Senter v. JP Morgan Chase Bank, N.A.*, 810 F. Supp. 2d 1339, 1345 (S.D. Fla 2011). The Sales Agreement provides all elements of a valid contract. The Sales Agreement includes provisions concerning the processing and delivery of goods, payment period, and term of the contract's validity. (Doc. 2-1). The Sales Agreement is signed by both parties. (*Id.*). The existence of a valid contract is not in dispute, and KTJ satisfies the first element of their claim.

Second, Cadmus breached the contract. KTJ successfully alleges Cadmus did not pay fourteen separate invoices according to the terms of the Sales Agreement. (Doc. 2, ¶ 19). KTJ provides evidence of the unpaid invoices through an itemized summary and copy in Exhibit B. (Doc. 2-2). Based on KTJ's well-pleaded facts of the complaint and attached exhibit, KTJ satisfies the second element of their claim.

Third, KTJ suffered damages due to Cadmus's breach of contract. KTJ proves damages by the information provided in its Exhibit B. The unpaid invoices have an aggregate amount of $6,941,534.59 in unpaid principal. (Doc. 2-2, p. 2). However, KTJ only requests $5,403,948.45 due to $1,537,586.14 in offsets and credits applied against those invoices. (Doc. 15, p. 4). KTJ shows monetary damages in the amount of $5,403,948.45 due to Cadmus's breach, and satisfies the third and final element of its claim.

Accordingly, based on KTJ's well-pleaded facts of the complaint, which are admitted by default, it is **RECOMMENDED** Cadmus be found liable for Counts I through VII.

**B. COUNT VIII – BREACH OF CONTRACT OF THE MAY 8 AR PLAN**

Under Count VIII, KTJ requests an additional $901,412.02 in damages due to a breach of the May 8 AR Plan, which provided for a twenty percent price reduction on products supplied to Cadmus beginning in May 2025. (*Id.* at

6). The May 8 AR Plan expressly conditioned the price reduction on Cadmus's performance in accordance with the terms of the plan. (*See* Doc. 15-8).

KTJ satisfies the first element by providing proof of a valid contract. The breach of contract analysis remains the same. *See Ferguson*, 137 So. 3d at 615. KTJ alleges the two parties entered into the May 8 AR Plan on May 8, 2025. (Doc. 2, ¶ 34). This plan required Cadmus to make scheduled payments toward outstanding balances and timely pay invoices for ongoing orders in exchange for a price reduction on supplies and other financial accommodations from KTJ. (*Id.* at ¶ 28–34). Further, KTJ provides proof of such an agreement. (*See* Doc. 15-8). Review of the facts alleged and the provided agreement satisfy the first element of a breach of contract claim.

KTJ satisfies the second and third elements of the claim as well. KTJ alleges Cadmus breached the May 8 AR Plan by failing to make payments toward the previous outstanding balance and failing to make payments for ongoing orders as required by the plan. (Doc. 2, ¶ 97). KTJ further alleges the total price reduction damages due to the breach of the May 8 AR Plan amounts to $901,412.02. (*Id.* at ¶ 99–100). KTJ justifies the reduction damages through calculation of the eleven monthly invoices and the corresponding price reduction amount. (*See* Doc. 15-9).

Accordingly, based on KTJ's well-pleaded facts of the complaint, which are admitted by default, it is **RECOMMENDED** Cadmus be found liable for Count VIII – Breach of Contract of the AR Plan.

**C. REMEDIES**

KTJ requests default judgment awarding the two categories of compensatory damages established above: (1) $5,403,948.45 in unpaid principal under Counts I through VII, together with prejudgment interest on the outstanding invoice balances from the applicable commencement dates identified in Declaration Exhibit 5.a; and (2) $901,412.02 in Count VIII price-reduction damages, together with prejudgment interest calculated separately on each monthly price-reduction amount from the applicable commencement date identified in Declaration Exhibit 5.b. (Doc. 15, p. 9). The two compensatory damages components total $6,305,360.47, exclusive of prejudgment interest.

After liability is established, federal courts then address the terms of the judgment. *Rustik Haws, LLC v. Identiqa Sols. Co.*, No. 8:21-CV-00565-MSS-AEP, 2025 WL 470225 at * 14 (M.D. Fla. Feb. 12, 2025). "A default judgment must not differ in kind from or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The moving party bears the burden of proving unliquidated or unspecified monetary sums in a hearing on damages or otherwise. *Rustik Haws*, 2025 WL 470225 at *14; *see* Fed. R. Civ. P 55(b)(1)−(2). The court must ensure there is a legitimate basis for awarding

damages, and ensure damages are not awarded solely because of a defendant's failure to respond. *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). However, well-pleaded damages are admitted by a default, and a hearing on damages may not be necessary. *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015).

KTJ's damages are well pleaded and for a sum certain. The damages are admitted by default and no hearing is necessary. The complaint, motion for default judgment, and supporting affidavit show the claimed damages are capable of precise mathematical calculation and that the damages are reasonable. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985) (finding that a court may grant default judgment and award damages without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation").

Damages for breach of contract should place the injured party in the position he would have been in had the breach not occurred. *Mnemonics, Inc. v. Max Davis Assoc., Inc.*, 808 So. 2d 1278, 1280 (Fla. 5th DCA 2002); *see also Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 694 F. Supp. 2d 1275, 1280, n.6 (S.D. Fla. 2010) ("Under Florida law, a non-breaching plaintiff in a breach of contract action is entitled to benefit-of-the-bargain damages . . . [Including] damages that would put [the plaintiff] in the condition [he] would have been in had the contract been performed and the breach not occurred.").

Based on the agreements and supporting affidavit, the undersigned **RECOMMENDS** the court enter default judgment on all counts in KTJ's favor against Cadmus for $6,305,360.47 plus prejudgment interest and post judgment interest as requested in the motion for default judgment.[1] (*See* Doc. 15, p. 9).

## V. CONCLUSION

For the reasons stated, the undersigned **RECOMMENDS** that KTJ's motion for default judgment (Doc. 15) be **GRANTED** to the extent KTJ should be entitled to the relief it requests in the motion for default judgment.

**ENTERED** in Tampa, Florida, on October 13, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of

[1] In diversity cases, the court follows Florida state law governing the award of prejudgment interest. *Royster Co. v. Union Carbide Corp.*, 737 F.2d 941, 948 (11th Cir. 1984). Florida courts allow an award of prejudgment interest in cases involving contract, tort, unjust enrichment, and fraudulent inducement claims. *See Bosem v. Musa Holdings, Inc.*, 46 So. 3d 42 (Fla. 2010). Without a special contract for the prejudgment rate, the rate of interest is stated in § 55.03, Fla. Stat. *IberiaBank v. Coconut 41*, LLC, 984 F. Supp. 2d 1283, 1299 (M.D. Fla. 2013) (citing Fla. Stat. § 687.01).

this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.