**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KTJ DENTAL LAB COMPANY LIMITED**,

Plaintiff,

v. Case No. 8:26-cv-1864-WFJ-AAS

**CADMUS DENTAL LAB, INC.**,

Defendant.
_______________________________/

## ORDER

Before the Court is Plaintiff KTJ Dental Lab Company Limited's ("KTJ") Motion for Entry of Default Judgment against Defendant Cadmus Dental Lab, Inc. ("Cadmus"). Dkt. 15. No objection was filed, and the time to do so has passed. Upon careful consideration, the Court agrees with Magistrate Judge Sansone's thorough and well-reasoned factual findings and legal conclusions and adopts the Report and Recommendation.

## BACKGROUND[1]

This dispute arises from the sale and delivery of manufactured dental products from KTJ to Cadmus. *See* Dkt. 2 ¶ 1. KTJ and Cadmus entered into a business relationship starting in 2022, wherein KTJ designed, manufactured, and shipped dental products to Cadmus. *Id.* ¶¶ 8–11. After several payment delays, the parties came to an agreement entitled the "May 8 AR Plan" on May 8, 2025. *Id.* ¶¶ 27–34. This plan required Cadmus to make specified payments in May, June, and July 2025, *id.* ¶ 29, and appointed KTJ as a financial supervisor to oversee Cadmus' payments. *Id.* ¶ 31. KTJ continued supplying products to Cadmus and extending commercial accommodations, as contemplated by the May 8 AR Plan. *Id.* ¶ 35. However, Cadmus subsequently breached the May 8 AR Plan and has thus failed to pay the balance of several outstanding invoices, totaling $5,403,948.45. *Id.* ¶¶ 19–20.

On June 26, 2026, KTJ brought the instant action, alleging the following claims against Cadmus: Breach of Contract – Sales Agreement (Count I); Breach of Contract – Invoices (Count II); Account Stated (Count III); Open Account (Count IV); Products Sold and Delivered Under Section 672.709 (Count V); Section 672.207 (Count VI); Breach of Contract – CISG (Count VII); and Breach of Contract

[1] "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

– May 8 AR Plan (Count VIII). *Id.* ¶¶ 39–104. Cadmus was properly served and failed to respond to the Complaint. *See* Dkt. 10. On July 31, 2026, the Clerk entered default against Cadmus. Dkt. 14.

KTJ now moves for an entry of final default judgment against Cadmus as to all Counts and seeks certain relief. *See generally* Dkt. 15. Cadmus failed to respond in opposition, and the time to do so has passed.

## LEGAL STANDARD

The Court reviews the legal conclusions of the Magistrate Judge *de novo* in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010) (citation omitted); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). After an independent review, the Court may accept, reject, or modify the Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006).

## DISCUSSION

The Magistrate Judge recommended that default judgment is appropriate as to all Counts and that relief be granted in full. *See* Dkt. 16. The Court first considers liability as to Counts I–VII and Count VIII, then considers the requested relief.

### I. Liability

Courts may enter final default judgment against parties who fail to plead or otherwise defend an action. Fed. R. Civ. P. 55(b)(2). The Magistrate Judge

highlighted that Counts I–VII request the same relief and "involve the same operative claim — breach of contract due to Cadmus's failure to pay invoices for products KTJ properly delivered." Dkt. 16 at 4–5. These claims were then considered pursuant to a breach of contract analysis, and it was found that "KTJ satisfies each element." *Id.* at 5. Upon a thorough review of the Complaint, the Court concurs with the Magistrate Judge and finds that KTJ sufficiently stated a breach of contract claim against Cadmus as to its failure to pay invoices for products KTJ properly delivered.

Regarding Count VIII, KTJ raised an additional breach of contract claim as to the May 8 AR Plan. Dkt. 2 ¶¶ 93–104. The Magistrate Judge again found each element satisfied. Dkt. 16 at 8. Upon a thorough review of the Complaint, the Court further concurs with the Magistrate Judge and finds that KTJ sufficiently stated a breach of contract claim against Cadmus as to the May 8 AR Plan.

## II. Requested Relief

After liability is established, courts must then address the terms of the judgment. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Courts must ensure there is a legitimate basis for awarding damages, and ensure damages are not awarded solely because of a defendant's failure to respond. *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). However, well-pleaded damages are

admitted by a default, and a hearing on damages may not be necessary. *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015). Courts may grant default judgment and award damages without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985).

KTJ requests relief as follows: (1) $5,403,948.45 in unpaid principal under Counts I–VII, together with prejudgment interest on the outstanding invoice balances; (2) $901,412.02 in Count VIII price-reduction damages, together with prejudgment interest calculated on each monthly price-reduction amount; and (3) post-judgment interest pursuant to 28 U.S.C. § 1961. Dkt. 16 at 9.

The Magistrate Judge found that the damages amount of $5,403,948.45 as to Counts I–VII and $901,412.02 as to Count VIII are "well pleaded and for a sum certain" and are "admitted by default[.]" *Id.* Specifically, "[t]he complaint, motion for default judgment, and supporting affidavit show the claimed damages are capable of precise mathematical calculation and that the damages are reasonable." *Id.* Upon a thorough review of the Complaint and supporting documents, the Court concurs with the Magistrate Judge and finds that the two compensatory damages figures totaling $6,305,360.47 are well pleaded and for a sum certain.

Regarding prejudgment interest, the Eleventh Circuit has held that "[s]tate law determines whether a successful litigant is entitled to prejudgment interest." *SEB*

*S.A. v. Sunbeam Corp.*, 148 F. App'x 774, 793 (11th Cir. 2005). "The Supreme Court of Florida has held that a [successful] plaintiff is entitled to prejudgment interest as a matter of law." *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007) (citing *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985)). "The computation of prejudgment interest is a mathematical computation and a purely ministerial duty. No finding of fact is needed, and no discretion is permitted." *Id.* (citation modified) (quoting *Argonaut Ins. Co.*, 474 So. 2d at 215).

"As for the amount of such interest, the prejudgment interest rate is controlled by Florida statute and is set quarterly by Florida's Chief Financial Officer. The applicable prejudgment interest is the rate effective at the time of entitlement and is adjusted annually on January 1 of each year." *Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, No. 8:17-cv-2832-T-33CPT, 2020 WL 9597125, at *12 (M.D. Fla. June 4, 2020) (citations omitted); *see* Fla. Stat. § 55.03(3) ("The interest rate is established at the time a judgment is obtained and such interest rate shall be adjusted annually on January 1 of each year in accordance with the interest rate in effect on that date as set by the Chief Financial Officer until the judgment is paid[.]"). As an example, if a payment became overdue in October, "interest would begin accruing at the rate present in the 'October quarter[.]' . . . If the payment was still due as of January 1, the rate would be adjusted to the rate in effect as of January 1. That rate would remain in effect for the rest of the year, only to be readjusted again the

following January 1 if still due and owing." *Precision Diagnostic, Inc. v. Progressive Am. Ins. Co.*, 330 So. 3d 32, 34 (Fla. 4th DCA 2021).

Here, as to Counts I–VII, KTJ seeks prejudgment interest on the outstanding invoice balances from the applicable commencement dates identified in Declaration Exhibit 5.a, which are listed between November 30, 2024, and June 3, 2026. *See* Dkt. 15-6. The following chart calculates prejudgment interest for Counts I–VII based upon KTJ's representations, *see id.*, and the applicable prejudgment interest rates provided by Florida's Chief Financial Officer. *See Current Judgment Interest Rates*, Fla. Dep't of Fin. Servs., https://myfloridacfo.com/division/aa/audits-reports/judgment-interest-rates (last visited Nov. 3, 2026):

| **Unpaid Principal Amount (Breach Date)** | **Applicable Daily Interest Rate as of the Breach (Days from Breach to Adjustment)** | **Adjusted Daily Interest Rate as of 01/01/25 (Days Adjusted)** | **Adjusted Daily Interest Rate as of 01/01/26 (Days Adjusted)** | **Prejudgment Interest Due as of 11/04/2026** |
|---|---|---|---|---|
| **$659,467.02** (11/30/24) | .000259563 (32) | .000256986 (365) | .000231233 (307) | **$114,150.07** |
| **$715,545.87** (12/31/24) | .000259563 (1) | .000256986 (365) | .000231233 (307) | **$118,099.40** |
| **$700,080.29** (01/31/25) | .000256986 (335) | .000256986 (-) | .000231233 (307) | **$109,967.80** |
| **$476,387.05** (02/28/25) | .000256986 (307) | .000256986 (-) | .000231233 (307) | **$71,402.43** |
| **$367,024.48** (03/31/25) | .000256986 (276) | .000256986 (-) | .000231233 (307) | **$52,086.89** |
| **$463,812.54** (04/30/25) | .000250685 (246) | .000256986 (-) | .000231233 (307) | **$61,528.00** |

| | | | | |
|---|---|---|---|---|
| **$519,177.14** (05/31/25) | .000250685 (215) | .000256986 (-) | .000231233 (307) | **$64,837.86** |
| **$534,772.33** (06/30/25) | .000250685 (185) | .000256986 (-) | .000231233 (307) | **$62,763.69** |
| **$456.90** (07/28/25) | .000243836 (157) | .000256986 (-) | .000231233 (307) | **$49.93** |
| **$431,306.63** (07/31/25) | .000243836 (154) | .000256986 (-) | .000231233 (307) | **$46,813.71** |
| **$17,000.71** (12/28/25) | .000236986 (4) | .000256986 (-) | .000231233 (307) | **$1,222.97** |
| **$377,635.71** (03/28/26) | .000231233 (221) | .000256986 (-) | .000231233 (-) | **$19,298.13** |
| **$140,463.58** (04/28/26) | .000226027 (190) | .000256986 (-) | .000231233 (-) | **$6,032.23** |
| **$818.20** (06/03/26) | .000226027 (154) | .000256986 (-) | .000231233 (-) | **$28.48** |
| **Total Unpaid Principal Amount: $5,403,948.45** | | | | **Total Prejudgment Interest: $728,281.59** |

As to Count VIII, KTJ seeks prejudgment interest calculated on each monthly price-reduction amount from the applicable commencement date identified in Declaration Exhibit 5.b, which are listed between July 28, 2025, and April 28, 2026. *See* Dkt. 15-7. The following chart calculates prejudgment interest for Count VIII based upon KTJ's representations and the applicable interest rates:

| Price-Reduction Amount (Breach Date) | Applicable Daily Interest Rate as of the Breach (Days from Breach to Adjustment) | Adjusted Daily Interest Rate as of 01/01/26 (Days Adjusted) | Prejudgment Interest Due as of 11/04/2026 |
|---|---|---|---|
| **$79,843.49** (7/28/2025) | .000243836 (157) | .000231233 (307) | **$8,724.56** |

| | | | |
|---|---|---|---|
| **$90,677.31** (7/31/2025) | .000243836 (154) | .000231233 (307) | **$9,842.05** |
| **$100,003.73** (9/30/2025) | .000243836 (93) | .000231233 (307) | **$9,366.88** |
| **$104,124.06** (10/31/2025) | .000236986 (62) | .000231233 (307) | **$8,921.52** |
| **$100,397.62** (11/30/2025) | .000236986 (32) | .000231233 (307) | **$7,888.45** |
| **$82,594.15** (12/28/2025) | .000236986 (4) | .000231233 (307) | **$5,941.53** |
| **$92,965.37** (12/31/2025) | .000236986 (1) | .000231233 (307) | **$6,621.51** |
| **$71,712.93** (2/28/2026) | .000231233 (249) | .000231233 (-) | **$4,129.02** |
| **$75,427.39** (3/28/2026) | .000231233 (221) | .000231233 (-) | **$3,854.53** |
| **$73,967.24** (3/31/2026) | .000231233 (218) | .000231233 (-) | **$3,728.60** |
| **$29,698.73** (4/28/2026) | .000226027 (190) | .000231233 (-) | **$1,275.42** |
| **Total Price-Reduction Amount: $901,412.02** | | | **Total Prejudgment Interest: $70,294.07** |

As of the date of this Order, the Court thus finds that Cadmus is liable for $728,281.59 in prejudgment interest regarding Counts I–VII and $70,294.07 in prejudgment interest regarding Count VIII, totaling $798,575.66. Post-judgment interest shall accrue under 28 U.S.C. § 1961 from the date of entry of Final Default Judgment.

## CONCLUSION

For the reasons explained in the Report and Recommendation, and in conjunction with an independent examination of the file, the Court rules as follows:

1. The Report and Recommendation, Dkt. 16, is **ADOPTED**, **CONFIRMED**, and **APPROVED**.
2. Plaintiff KTJ Dental Lab Company Limited's Motion for Entry of Default Judgment, Dkt. 15, is **GRANTED**.
3. Plaintiff KTJ Dental Lab Company Limited is entitled to final default judgment against Defendant Cadmus Dental Lab, Inc., on all eight counts, with a single recovery consisting of the following:
    a. Regarding Counts I–VII, Plaintiff KTJ Dental Lab Company Limited is awarded $5,403,948.45 in compensatory damages, and $728,281.59 in prejudgment interest;
    b. Regarding Count VIII, Plaintiff KTJ Dental Lab Company Limited is awarded $901,412.02 in compensatory damages, and $70,294.07 in prejudgment interest;
    c. Accordingly, a total monetary award of $7,103,936.13, for which execution may issue; and
    d. Post-judgment interest pursuant to 28 U.S.C. § 1961, accruing from the date of entry of Final Default Judgment.

4. The Clerk is directed to enter **FINAL DEFAULT JUDGMENT** in favor of Plaintiff KTJ Dental Lab Company Limited against Defendant Cadmus Dental Lab, Inc. in accordance with this conclusion, and to **CLOSE** this matter.

**DONE AND ORDERED** at Tampa, Florida, on November 4, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record